IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:04-CR-0097 (01) |
| | § | |
| JOSE SALAS-RUEDA | § | |

# REPORT AND RECOMMENDATION
# TO DENY MOTION UNDER 28 U.S.C. § 2255
# TO VACATE, SET ASIDE, OR CORRECT SENTENCE
# BY A PERSON IN FEDERAL CUSTODY

Defendant has filed with this Court a form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. By his motion, defendant challenges his May 25, 2005 conviction, pursuant to a guilty plea, of the offense of illegal re-entry after deportation, and his resultant sentence of 70 months confinement in a federal correctional facility. For the following reasons, it is the opinion of the undersigned United States Magistrate Judge that defendant's motion to vacate be DENIED.

In his motion to vacate, defendant states the following grounds on which he claims he is being held unlawfully:

1. he was denied effective assistance of counsel in that counsel:

    a. did not object to the Presentence Investigation Report;
    b. failed to file an appeal;
    c. failed to explain to defendant the charges against defendant; and
    d. failed to "spend time" with defendant before and after trial.

2. "Booker & Blakely Supreme Court decisions ruling the Guidelines unconstitutional"; and

3. "Almandarez-Torres Supreme Court recognizes that was wrongly ruled."

In his motion, defendant does not summarize or allege any facts supporting each ground.

On September 28, 2005, the undersigned ordered defendant to file a supplemental pleading stating concisely every ground on which he claims he is being held in violation of the Constitution of the United States, summarizing the facts supporting each ground, and explaining how the facts support his claims of constitutional error.  On October 14, 2005, defendant filed correspondence to the Court wherein he advised he had not been able to reach his attorney to assist him in explaining how the facts supported each of his stated grounds, and that he was not able to explain the facts because he did not have the appropriate transcripts or legal documentation.  As of this date, defendant has not supplemented his original motion to vacate.

The undersigned construes *pro se* section 2255 petitions liberally.  "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *United States v. Pineda,* 988 F.2d 22 (5th Cir. 1993) (*citing United States v. Woods,* 870 F.2d 285, 288 n. 3 (5th Cir.1989)).  To the extent defendant's claims state cognizable grounds for relief, his claims are conclusory, speculative, and wholly unsupported by any probative evidence or affidavits in the record.  Defendant has not substantiated his claims of ineffective assistance by argument or factual recitations.  Defendant's vague references to the alleged violations of his constitutional rights are insufficient to raise such issues.  Defendant has not properly raised his claims before this Court, nor has he satisfied his burden of demonstrating his confinement is in violation of the Constitution, laws or treaties of the United States.

Even if this Court were to liberally construe defendant's second ground to argue that his sentence violates the Constitution pursuant to the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendant's argument would fail.  In *Apprendi*, the Supreme Court held the Constitution requires that any fact which increases the penalty for a crime *beyond the prescribed statutory maximum*, other

than the fact of a prior conviction, must be submitted to the factfinder and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2362-2363. Here, defendant does not identify which "fact" he contends should have been, but was not, submitted to the factfinder, nor does he argue how the Court's finding of such "fact" increased his penalty beyond the statutory maximum sentence for the offense. In the Presentence Report, the only increase in defendant's base offense level was a 16-level increase for defendant having been previously deported after a conviction for an aggravated felony, *i.e.*, an alien smuggling offense. Consequently, this is the only "fact" defendant can be arguing resulted in a violation of *Apprendi*.

*Apprendi* is applicable only to cases where the penalty for the crime *exceeded the prescribed statutory maximum* due to facts other than a prior conviction. Here, defendant pleaded guilty to and was convicted of illegal re-entry after deportation in violation of 8U.S.C. 1326(a) and 6 U.S.C. § 202(3)(4). Pursuant to 8 U.S.C. § 1326(b)(2), the maximum punishment for a defendant, whose removal was subsequent to a conviction for commission of an aggravated felony, is a term of imprisonment not to exceed twenty (20) years. The trial court assessed defendant's punishment at 70 months, a length which is clearly *under the statutory maximum* of 20-years imprisonment. *Apprendi* is not applicable to this case.

Further, the fact of defendant's previous deportation following his conviction for the commission of an aggravated felony was alleged in the indictment and presented to the factfinder, in this case the Court, and proven beyond a reasonable doubt by defendant's verified and signed plea agreement and factual resume. No *Apprendi* issue is presented in this case.

If the Court also construes defendant's second ground as an argument that his sentence is in violation of the holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), defendant's claim is still without merit. In *Blakely*, the defendant pled guilty to an

offense which carried a "standard range" of 49-53 months imprisonment. The state's sentencing procedure, however, allowed a state judge to impose a sentence *above the offense's maximum punishment* upon the judge finding aggravating factors that justified such an upward departure. The state judge in *Blakely* determined such factors existed in and sentenced the defendant to more than three (3) years *above the maximum sentence* established by the standard range. The Court found the facts supporting the state judge's finding were neither admitted by petitioner nor found by a jury. Noting the jury's verdict alone did not authorize the sentence, the Supreme Court found the state's sentencing procedure did not comply with the Sixth Amendment right to trial by jury.

Here, defendant's sentence did not exceed the maximum guideline range of punishment of 87 months or the statutory maximum sentence of 20-years authorized for an offense of illegal re-entry after deportation. Nor did the District Judge make any additional determination of facts beyond those to which defendant admitted guilt. Defendant's claim would be without merit.

If defendant's second ground is, alternatively, construed to be a claim that defendant's sentence is in violation of the holding in *United States v. Booker*, __ U.S.__, 125 S.Ct. 738, 160 L.Ed.2d 621 (January 12, 2005), defendant's claim is still without merit. In *Booker*, the Supreme Court extended the rules announced in the prior decisions of *Apprendi* and *Blakely* to the federal Sentencing Guidelines. Specifically, *Booker* held that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Again, the fact of defendant's previous deportation following his conviction for the commission of an aggravated felony, is the only "fact" which increased defendant's penalty. This prior conviction is a "fact" specifically excluded by the *Booker* court.

Further, this "fact" was alleged in the indictment, admitted by defendant, and established by defendant's plea of guilty. There is no *Booker* violation in this case.[1]

If defendant's third ground is liberally construed to be a claim that defendant's sentence is in violation of the holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), defendant is not be entitled to relief. In *Almendarez-Torres*, the defendant was also charged by indictment with violating 8 U.S.C. § 1326(a) which makes it a crime for a deported alien to return to the United States without special permission and authorizes a maximum prison term of two years. The indictment did not further allege the initial "deportation was subsequent to a conviction for commission of an aggravated felony," the language from 8 U.S.C. § 1326(b)(2) which authorizes a maximum prison term of 20 years for such an alien. The defendant pleaded guilty to violating section 1326, admitting that he had been deported, that he had unlawfully returned, and that the earlier deportation had taken place pursuant to three convictions for aggravated felonies. The District Court sentenced him under the applicable Sentencing Guideline range to 85 months' imprisonment, rejecting his argument that, since his indictment failed to mention his aggravated felony convictions, the court could not sentence him to more than the maximum imprisonment authorized by § 1326(a). The Fifth Circuit also rejected his argument, holding that subsection (b)(2) is a penalty provision which simply permits the imposition of a higher sentence when the unlawfully returning alien also has a record of prior convictions. The United States Supreme Court agreed, holding that subsection (b)(2) is a penalty provision, which simply authorizes an enhanced sentence, and as it does not create a separate crime, the Government is not required to charge the fact of an earlier conviction

---

[1]The Court notes that on December 8, 2005, the United States Court of Appeals for the Fifth Circuit issued a decision in *United States v. Gentry*, ___ F.3d ___, 2005 WL 3317891 (Dec. 8, 2005), holding that *Booker* does not apply retroactively on collateral review to a federal prisoner's initial 28 U.S.C. § 2255 motion.

in the indictment.

The indictment in this case alleged defendant's previous deportation following his conviction for the commission of an aggravated felony and such allegation was presented to the Court and proven beyond a reasonable doubt by defendant's verified and signed plea agreement and factual resume. Consequently, *Almendarez-Torres* is not applicable to this case.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by defendant JOSE SALAS-RUEDA be, in all things, DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of December 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the

parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).